# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAYNE SWEET, | : | |
| **Plaintiff,** | : | |
| | : | |
| V. | : | CIVIL ACTION NO. 21-CV-2885 |
| | : | |
| SERGEANT MILES, *et al.* | : | |
| **Defendants.** | : | |

## MEMORANDUM

BARTLE III, J.                                                    August 11  , 2021

Shayne Sweet, a pretrial detainee at the Philadelphia Industrial Correctional Center ("PICC"),[1] filed this *pro se* civil action using the Court's preprinted form for use by prisoners filing a claim pursuant to 42 U.S.C. § 1983.  Named as Defendants are two PICC employees Sergeant Miles and C/O Blaire.  Sweet also seeks to proceed *in forma pauperis*.  For the reason that follow, the application to proceed *in forma pauperis* will be granted, all federal constitutional claims will be dismissed with prejudice, and any state law claims will be dismissed without prejudice.

## I.    FACTUAL ALLEGATIONS

Sweet's allegations are brief.  He asserts that during a cell search on January 26, 2021, he was strip searched in front of Sergeant Miles, who is female.  (ECF No. 3 at 4.)[2]  He alleges he was laughed at, but it is unclear who laughed at him.  (*Id.*)  He was charged with possession of a weapon and cough syrup and placed into a segregation unit.  (*Id.*)  During another cell search

---

[1] Public records reveal that Sweet is awaiting trial on murder charges.  *See Commonwealth v. Sweet*, CP-51-CR-0003424-2019 (C.P. Phila.)

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

after he arrived at the segregation unit that was conducted by Miles and C/O Blaire, he was humiliated by being strip searched again in front of Miles.  (*Id.*)  Blaire allegedly put his finger on Sweet's anus and said he thought he saw something.  (*Id.*)  Sweet alleges it was only a piece of lint.  Miles allegedly made comments about his genitals and "they were all laughing."  (*Id.*)  Sweet also asserts that "they" – presumably Miles and Blaire – took unspecified property and it was never returned.  (*Id.*)  During the two cell searches other unspecified property was allegedly destroyed.  (*Id.*)

## II.      STANDARD OF REVIEW

The Court grants Sweet leave to proceed *in forma pauperis* since he appears unable to pay the filing fee for this case.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).   Conclusory allegations do not suffice.  *Id.*  As Sweet is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.     DISCUSSION

### A.      Strip Search Claims

Since Sweet filed this action using the Court's form for § 1983 prisoner claims, the Court will interpret his Complaint as raising constitutional claims.  Section 1983, the vehicle by which federal constitutional claims may be brought in federal court, provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Sweet's allegations that he was laughed at during a strip search does not state a plausible civil rights claim because verbal threats or taunts, without more, are insufficient to violate the Constitution.  *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.").  The allegation that Defendant Miles made comments about his genitals while Sweet was unclothed likewise fail to state a plausible claim.  Although the United States Court of Appeals for the Third Circuit "has not specifically addressed the circumstances under which a correctional officer can be held liable for the sexual harassment of an inmate," courts elsewhere have held that "sexual harassment in the absence of contact or touching does not establish excessive and unprovoked pain infliction" as is required to state a claim for a constitutional violation.  *Chambliss v. Jones*, Civ. A. No. 14-2435, 2015 WL 328064, at *3 (M.D. Pa. Jan. 26, 2015) (citations omitted); s*ee also*, *Bower v. Price*, Civ. A. No. 17-1473, 2018 WL 1334985, at *3 (M.D. Pa. Mar. 15, 2018) (collecting cases and holding that alleged verbal sexual harassment alone does not give rise to a constitutional violation); *Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006) (finding that solicitation of a prisoner's masturbation, even under the threat of retaliation does not violate the Eighth

3

Amendment); *Morales v. Mackalm*, 278 F.3d 126, 129 (2d Cir. 2002) (finding that a demand for

sex in front of other female staff does not rise to the level of an Eighth Amendment violation),

*overruled on other grounds in Porter v. Nussle*, 534 U.S. 516 (2002); *Freitas v. Ault*, 109 F.3d

1335, 1338 (8th Cir. 1997) ("To prevail on a constitutional claim of sexual harassment, an

inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused

'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable

state of mind.") (citation omitted).  While the behavior alleged by Sweet against Sergeant Miles

may be inappropriate, without allegations of direct physical contact or pain resulting from the

comment, it does not rise to the level of a constitutional violation.  *Chambliss*, 2015 WL 328064,

at *3.

The allegation that Defendant Blaire touched Sweet's anus during the search also fails to

state a plausible claim.  In *Florence v. Board of Chosen Freeholders of the County of

Burlington,* 566 U.S. 318, 323-39 (2012) the United States Supreme Court held that the Fourth

Amendment to the United States Constitution does not bar correctional officers from conducting

strip searches of detainees who will be admitted to a jail's general population.  The Court found

constitutional a prison policy of strip searching every inmate entering the general population,

"regardless of the circumstances of the arrest, the suspected offense, or the detainee's behavior,

demeanor, or criminal history."  *Id.* at 333-34.  The Supreme Court found that this policy was

reasonably related to the legitimate and substantial security interest of the correctional facility in

preventing inmates from putting their own or others' lives at risk, either from disease, gang

affiliation, or contraband.  *Id.* at 333.  The strip searches considered appropriate by the *Florence*

Court included "close visual inspections while undressed," "directing detainees to shake their

heads or to run their hands through their hair to dislodge what might be hidden there . . .

instructions to raise arms, to display foot insteps, to expose the back of the ears, to move or spread the buttocks or genital areas, or to cough in a squatting position." *Id.* at 324.

Even before the *Florence* decision, the United States Court of Appeals for the Third Circuit had held that prison officials could conduct visual body cavity searches whenever an inmate entered and exited his cell in a restricted housing unit, if performed in a reasonable manner. *See Millhouse v. Arbasak*, 373 F. App'x 135, 137 (3d Cir. 2010) (citing *Bell v. Wolfish*, 441 U.S. 520, 559-60 (1979)). "When a prisoner moves through restricted areas of a correctional facility, it is not unreasonable for staff to check for contraband via visual body cavity searches upon the prisoner's return." *Jones v. Luzerne County Corr. Facility*, Civ. A. No. 10-359, 2010 WL 3338835, at *8 (M.D. Pa. 2010) (Vanaskie, J.) (citing *Millhouse*, 373 F. App'x 135). Further, strip searches can be conducted by prison officials without probable cause. *Id.* ("[I]nmates do not have a right to be free from strip searches.") (citing *Bell*, 441 U.S. at 558). Accordingly, the allegation that Defendant Blaire touched Sweet's anus does not state a plausible constitutional claim.

More specifically with regard to the allegation that Blaire touched Bowman's anus, whether an incident of misconduct towards an inmate rises to the level of a constitutional violation must be determined based upon a two-part analysis. *Ricks v. Shover*, 891 F.3d 468, 475 (3d Cir. 2018) (analyzing claim under the Eighth Amendment). The first element is objective and is satisfied only if the incident in question is "objectively, sufficiently intolerable and cruel, capable of causing harm. . . ." *Id.* When evaluating the objective element, the Supreme Court has warned that "not . . . every malevolent touch by a prison guard gives rise to a federal action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Rather, in contrast to common tort law, the Eighth Amendment shields inmates from only those actions repugnant to the conscience of mankind." *Ricks*, 891 F.3d at 475-76.

5

It has been routinely held that isolated incidents of similar severity to that described by Bowman are insufficient to support a cognizable constitutional claim. *See, e.g., McIntyre v. Kellinger*, 741 F. App'x 891 (3d Cir. 2018) (holding that incident in which defendant dragged his hands down plaintiffs buttocks, gripped his buttocks, patted his thighs, and "squeezed [his] ass as if [he] was a woman" while whispering "in a sexual manner" during a pat-search was not objectively severe or serious to establish an Eighth Amendment violation); *Ricks*, 891 F.3d at 479 (suggesting that an "isolated, momentary" incident in which guard "rubbed his erect penis against [plaintiffs] buttocks through both men's clothing" was not sufficiently severe, but allowing opportunity to amend); *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997) (allegations that a female correction officer squeezed plaintiff's penis, said "[Y]ou know [you're] a sexy black devil, I like you," bumped into plaintiff with her breasts, and pinned him against the wall "with her whole body vagina against penis" were not sufficiently serious to amount to an Eighth Amendment violation); *Watson v. Wingard*, Civ. A. No. 16-55, 2018 WL 2108316, at *3-4 (W.D. Pa. Jan. 31, 2018) (allegations that defendant gave plaintiff an "upper cut" to the groin with his forearm, "groped and massaged [his] penis," and examined plaintiff's "butt . . . like a doctor" did not amount to sexual abuse); *Washington v. Harris*, 186 F. App'x 865, 866 (11th Cir. 2006) (holding that inmate failed to state Eighth Amendment claim where a prison guard "crept up behind [the prisoner inmate] while he was working," grabbed his genitals, kissed him on the mouth, and threatened to perform oral sex on him); *Hughes v. Smith*, 237 F. App'x 756, 759 (3d Cir. 2007) (no Eighth Amendment violation where correctional officer allegedly touched the inmate's testicles through his clothing during a single pat-down frisk); *Pantusco v. Sorrell*, Civ. A. No. 09-3518, 2011 WL 2148392, at *7-8 (D.N.J. May 31, 2011) (defendant did not violate Eighth Amendment by groping plaintiff's genitals on a single occasion during a routine pat-search); *Harris v. Zappan*, Civ. A. No. 97-4957, 1999 WL 360203 (E.D. Pa. May 28, 1999)

(allegations of one instance of sexually explicit comments combined with fondling and rubbing on thighs and breasts not sufficiently serious for an Eighth Amendment violation); *Jones v. Culinary Manager II*, 30 F. Supp. 2d 491, 497 (E.D. Pa. 1998) (a single incident alleging that a guard pinned plaintiff and ground his pelvis against plaintiff's buttocks while threatening sex not sufficiently serious). The single touching incident Bowman describes likewise does not rise to the level of "cruel and unusual" and under contemporary standards is not a cognizable constitutional violation.

Sweet's allegation that the search was humiliating also fails to state a constitutional violation. *See Millhouse*, 373 F. App'x at 137 (body cavity strip searches, "even if embarrassing and humiliating, do not violate the constitution"). In *Brown v. Blaine*, 185 F. App'x 166,168-69 (3d Cir. 2006), *cert. denied*, 549 U.S. 1064 (2006), the Third Circuit determined that similar searches "have been held to be constitutional time and again." *Id.* at 169-70 (citing *Thompson v. Souza*, 111 F.3d 694, 700 (9th Cir. 1997) (holding that a strip search performed in front of other inmates in which the prisoner was "told to 'run his fingers around his gums' after manipulating his genitalia" did not violate the constitution)); *Del Raine v. Williford*, 32 F.3d 1024, 1038-41 (7th Cir. 1994) (concluding that there was no constitutional violation in a rectal search conducted in the lobby area of the prison's hospital); *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988) (finding constitutional the prison's policy that requires visual body cavity searches every time an inmate leaves/returns to the maximum security unit); *Goff v. Nix*, 803 F.2d 358, 366-67, 378 (8th Cir. 1986) (upholding a prison policy that visual body cavity searches are performed before/after contact visits, before/after being outside the prison, and before/after a segregated prisoner has mixed with the general population without supervision or restraints). The Court stated that although Brown "may have suffered embarrassment and humiliation while the search

was being conducted, we cannot conclude that Brown's constitutional rights were violated by the search procedures employed." *Brown*, 185 F. App'x at 170.

Accordingly, Sweet's constitutional claims regarding the strip searches are dismissed for failure to state a claim.

### B.    Constitutional Property Loss Claim

Sweet's allegation against Miles and Blaire that his property was lost or destroyed during his transfer to the segregation unit also fails to state a constitutional claim.  A prisoner like Sweet cannot state a constitutional claim based on the loss of his property where he has a meaningful postdeprivation remedy for the loss.  *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson*, 468 U.S. at 533)).  Because Sweet may bring such a claim against Miles and Blaire in a state court to recover the value of his property under a theory of conversion or theft, his constitutional claim is not plausible.

### C.    State Law Claims

Finally, having dismissed Sweet's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims Sweet may be attempting to raise based on loss of property or emotional claims arising from the humiliation he allegedly suffered during the strip search.  Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment."  *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).  It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Sweet does not allege the citizenship of the parties.  Rather, he provides only the institutional address of PICC for himself and the Defendants.  Accordingly, Sweet has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

## IV.    CONCLUSION

For the reasons stated, Sweet's constitutional claims based on the strip searches, the touching of his anus during the search, and his alleged property loss are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because they are not plausible.  Because it appears that any attempt to amend the claims would prove futile, the constitutional claims will be dismissed with prejudice.

*Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile.")  All state law claims Sweet attempts to assert are dismissed without prejudice to his reassertion in an appropriate state court.